KIRBY AISNER & CURLEY LLP
*Attorneys for Plaintiff Michael Breede*
700 White Plains Road, Ste. 237
Scarsdale, New York 10583
(914) 681-0200
Dawn Kirby, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

                                                    Chapter 11
BRANDON D. GIOFFRE,                                 Case No. 19-22038 (rdd)


                        Debtor.
------------------------------------------------------------X
MICHAEL BREEDE,

                                                    Adv. Pro. No. 19-_____ (rdd)
                        Plaintiff,

-against-

BRANDON GIOFFRE,

                        Defendant.
------------------------------------------------------------X

## COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT
## PURSUANT TO 11 U.S.C. §§ 523 (a)(2),(4) and (6)

Michael Breede ("Plaintiff"), creditor and party in interest herein, as and for his

Complaint against Brandon Gioffre ("Defendant"), by and through his counsel, Kirby Aisner &

Curley LLP, respectfully alleges as follows:

## NATURE OF ACTION

1.      This is an adversary proceeding commenced pursuant to  sections 523(a)(2)(A),

(a)(4) and (a)(6) and 523(c) of title 11 of the United States Code, 11 U.S.C. sections 101 et seq.

(the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 4007, 7001(6) and 7003,

objecting to the dischargeability of the Defendant's debts to Plaintiff.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is founded upon sections 1334(b), 157(a) and 157(b) of title 28 of the United States Code because this adversary proceeding arises in or under the chapter 7 case of the Debtor now pending in the United States Bankruptcy Court for the Eastern District of New York.

3.      This adversary proceeding is a core proceeding pursuant to § 157(b)(2)(I) of the United States Code.

4.      Venue of this proceeding is proper pursuant to § 1409(a) of the United States Code.

## FACTS

5.      The Defendant, as a formerly registered investment advisor, is alleged to have intentionally made knowing fraudulent representations to Plaintiff in an unlawful scheme to induce Plaintiff to invest significant sums, thereby causing Plaintiff to lose his investment.

6.      On or about June 23, 2016, FINRA initiated an action against Defendant, Docket Number 2015-046448701.  The action alleged that Defendant participate in private securities transactions without providing prior notice to his member form and received $100,000 in commissions for the sale of approximately $2 million dollars of securities to purchaser who lost their entire investments.  Defendant recommended to several people, including Plaintiff, an investment in a private placement that was not offered through Defendant's employer, the member firm, Constellation Wealth Advisors LLC.  Defendant, however, created the false impression that Constellation sanctioned the private placement by meeting with the issuer and potential investors at Constellation's offices and using his firm-issued email address to communicate with the issuer and potential investors.

7.      In response, Defendant consented to a sanction of permanent bar from acting as an investment advisor in all capacities.  A true copy of the SEC Report is located at www.adviserinfo.sec.gov, and is annexed as **Exhibit A.**

8.      On oar about October 13, 2015, Plaintiff commenced an action (the "Fraud Lawsuit") by filing a summons and complaint against Defendant and others, NYS Supreme Court, New York County, Index No. 653407/2015.  The Complaint sought $881,657.09 in compensatory damages, plus punitive damages, treble damages and attorneys' fees.  The Complaint is incorporated herein and annexed as **Exhibit B**.

9.      On or about July 2016, Plaintiff and Defendant resolved the Fraud Lawsuit by Settlement Agreement in which Defendant agreed to pay Plaintiff $100,800.00 paid over a period of 108 months.  A copy of the Settlement Agreement and related Confession of Judgment is incorporated herein and annexed as **Exhibit C.**

10.      Defendant made two payments due under the Settlement Agreement, then defaulted.  Paragraph 3 of the Settlement Agreement provides that in the Event of Default, the entire balance of the Settlement Amount shall be accelerated and immediately due and payable together with liquidated damages of $440,000 and interest then accruing at the rate of nine per centum per annum (9%).

11.      Plaintiff commenced an action on the Confession of Judgment, NYS Supreme Court, County of Westchester, Index No. 51971/2017.  On February 13, 2017, a judgment was entered against Defendant and in favor of Plaintiff in the amount of $440,225.00 (the "Judgment"), which then began accruing interest at the rate of 9% per annum.  A copy of the Judgement is annexed as **Exhibit D.**

12.      On February 20, 2019, Plaintiff timely filed Proof of Claim No. 10 in the

Defendant's chapter 11 case asserting a pre-petition claim in the amount of $515,558.70, secured by real property owned by the Defendant in Westchester County, where the Judgment was entered.  Proof of Claim No. 10 asserts the claim in not dischargeable pursuant to 11 U.S.C. §523(a).  Proof of Claim No. 10 is incorporated herein and is annexed as **Exhibit E.**

## COUNT I

### NONDISCHARGEABILITY
### 11 U.S.C. §523(a)(2)(B)

13.    Plaintiffs incorporate the allegations contained in paragraphs 1 to 12 as if fully set forth herein.

14.    Debtor's actions described herein resulted in a debt owed by Debtor to Plaintiff for money and property obtained by the use of statements in writing that (a) were materially false, (b) respecting the Debtor's or an insider's financial condition, (c) on which Plaintiffs reasonably relied; (d) that the Debtor caused to be made or published with intent to deceive Plaintiffs, that is not dischargeable under section 523(a)(2)(B) of the Bankruptcy Code.

## COUNT II

### NONDISCHARGEABILITY
### 11 U.S.C. §523(a)(4)

15.    Plaintiffs incorporate the allegations contained in Paragraphs 1 to 14 as if fully set forth herein.

16.    Debtor's actions described herein resulted in a debt owed by Debtor to Plaintiffs for fraud or defalcation while the Debtor was acting in a fiduciary capacity, embezzlement, or larceny that is not dischargeable under section 523(a)(4) of the Bankruptcy Code.

## COUNT III

### NONDISCHARGEABILITY
### 11 U.S.C. §523(a)(6)

17.     Plaintiffs incorporate the allegations contained in Paragraphs 1 to 16 as if fully set forth herein.

18.     Debtors' actions described herein constitute willful and malicious injury by Defendant to Plaintiff that is not dischargeable under section 523(a)(6) of the Bankruptcy Code.

**WHEREFORE**, Plaintiffs respectfully request this Court enter judgment in his favor and against Defendant finding the Defendant's debt to Plaintiff is not dischargeable in the amount of $515,558.70 plus interest accruing at the rate of 9% per annum, and as secured by real property owned by the Defendant in Westchester County.

Dated:  Scarsdale, New York
        September 30, 2019

KIRBY AISNER & CURLEY LLP
*Attorneys for Michael Breede*
700 White Plains Road, Ste. 237
Scarsdale, New York 10583
(914) 681-0200

        */s/ Dawn Kirby*
By: _____
        Dawn Kirby, Esq.